Eric Graves, SBN 179253
egraves@stonegraves.com
Jeff Stone,  SBN 155190
jstone@stonegraves.com
STONE & GRAVES, LLP
11335 Gold Express Drive, Suite 145
Gold River, CA 95670
Telephone:  (916) 231-0321
Facsimile:   (916) 231-0335

Attorneys for Defendants
MICHAEL CRAIG ENGSTROM,
CHRISTOPHER IGNAZIO LONGO,
JENNIFER ENGSTROM, MICHAEL
ENGSTROM, INC., a California
corporation; B&C LOC, INC., a California
corporation; PEO ADVISORS OF CA,
INC., a California corporation

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEO EXPERTS CA, INC., dba BIXBY ZANE INSURANCE SERVICES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL CRAIG ENGSTROM, an individual; CHRISTOPHER IGNAZIO LONGO, an individual; RYAN WAKEFIELD, an individual; JENNIFER ENGSTROM, an individual; MICHAEL ENGSTROM, INC., a California corporation; B&C LOC, INC., a California corporation; PEO ADVISORS OF CA, INC., a California corporation; and FREEDOM RISK INSURANCE SERVICES, a business entity form unknown,<br><br>Defendants. | Case No.   2:17-cv-00318-KJM-CKD<br><br>STIPULATION RE; PROTECTIVE ORDER REGARDING MIRROR-IMAGING OF DEFENDANTS' ELECTRONICALLY STORED INFORMATION ON THEIR PERSONAL COMPUTER DEVICES; [~~PROPOSED~~] ORDER THEREON |

1    This stipulation is entered into by and between plaintiff PEO Experts CA, Inc., dba Bixby

2   Zane Insurance Services and defendants Ryan Wakefield, Michael Engstrom, Christopher Longo,

3   Jennifer Engstrom, Michael Engstrom, Inc., B&C Loc, Inc., PEO Advisors of CA, Inc., and

4   Freedom Risk Insurance Services (collectively, "the parties"), through their respective counsel of

5   record, as follows:

6          WHEREAS, on February 28, 2017, the Honorable Judge Kimberly J. Mueller ordered the

7   parties to file their proposed discovery protective order by the close of business on Friday, March

8   3, 2017.

9          WHEREAS, as a result of such meet and confer process, the parties stipulated to the

10   matters as described herein.

11          NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, through

12   their respective counsel of record, to the following:

13   1.     PURPOSES AND LIMITATIONS

14          The parties to this action have agreed to allow the mirror-imaging of the defendants'

15   electronically stored information on their personal computer devices, which excludes cellular

16   telephones, under certain and limited conditions, as set forth herein.  It is undisputed that this

17   mirror-imaging will consist of considerable personal information of defendants that is not

18   relevant to the litigation and that is protected by the federal and state constitutionally protected

19   rights of privacy, in addition to any other privileges, protections and objections. The mirror

20   imaged data is for preservation of potential evidence purposes only and shall be subject at all

21   times to this Court's order hereon, and any further orders in this regard.

22          This stipulation and order, and conduct in conformance therewith, is not and shall not be

23   construed as a waiver of any rights, privileges, protections or objections in relation thereto.

24   Additionally, discovery and disclosure activity in this action is expected to involve production of

25   confidential, proprietary, or private information for which special protection from disclosure,

26   including both public and private disclosure, is warranted.  Therefore, such discovery or

27   disclosure activity, if ordered by this Court, shall be subject to a further stipulation and protective

28   order, as further addressed below.

2.      CONDUCTING THE MIRROR IMAGING AND OBLIGATIONS OF CONSULTANT

The parties hereby agree that Plaintiff's will propose a consultant, and, if agreeable to defendants and confirmed in writing, that ("consultant") shall serve as the neutral third party consultant for purposes of the mirror imaging of defendants' personal computer devices that contain any business related information in regard to plaintiff and/or its alleged clients.  Prior to any such activity, the agreed upon consultant must execute this stipulation.  Any and all costs or fees of the consultant shall be borne by plaintiff.  Personal computer devices as referred to in this matter do not include personal cellular telephones.

On or about March 6, 2017, each defendant shall make their personal computer devices available to the consultant for mirror imaging at the place such personal computer devices are usually kept by each defendant.  The mirror imaging shall be completed within approximately 12 hours of such personal computer device being made available by a defendant to consultant; a defendant shall not be unable to access and use a personal computer device for a period longer than 12 hours in this regard.

The consultant agrees, represents and warrants that he or she shall conduct the mirror imaging without any review, evaluation, analysis or disclosure of any and all data contained on the personal computer devices by her or himself and/or any other person or entity.  The consultant agrees, represents and warrants that he or she shall securely keep and maintain the mirror imaged data without review, analysis, disclosure or dissemination by or to any person or entity unless and until an order is issued from this Court in that regard.  All mirror imaged data shall be strictly and confidentially maintained.

At the termination of this case as to any or all defendants (by settlement, dismissal, judgment, or otherwise), consultant shall provide to each defendant, his/her/its mirror imaged data within 24 hours of written notice of such termination.  Consultant shall not keep, copy, transfer or disseminate any mirror imaged data otherwise.

/ / /

/ / /

/ / /

STIPULATION RE; PROTECTIVE ORDER REGARDING MIRROR-IMAGING OF DEFENDANTS' ELECTRONICALLY STORED INFORMATION ON THEIR PERSONAL COMPUTER DEVICES; [PROPOSED] ORDER THEREON

3.     MOTION REQUIREMENTS FOR ANY PRODUCTION OR DISCLOSURE OF MIRROR IMAGED DATA

If plaintiff seeks production of any mirror imaged data, plaintiff shall file with this Court and serve on defendants a regularly noticed motion pursuant to the Federal Rules of Civil Procedure, the Local Rules, and the Standing Orders of this Court.  Prior to any motion related to the mirror imaged data, the parties shall meet and confer in order to either attempt to agree to any production, or otherwise to particularly identify and/or narrow the scope of information sought.

Additionally, if a motion by plaintiff in this regard is granted, in whole or in part, any production of mirror imaged information shall by subject to a separate stipulation and protective order in relation to that production.  Therefore, if a motion by plaintiff in this regard is filed and served, the parties shall at that time meet and confer as to such separate stipulation and protective order and submit the same to the Court prior to the hearing on such motion.

4.     MISCELLANEOUS

Nothing in this order abridges the right of any person to seek its modification by the Court in the future.

By stipulating to the entry of this order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed herein. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Date:  March 3, 2017                                       FISHER &  PHILLIPS, LLP


                                                                    /s/ Alden J. Parker
                                                               ALDEN J. PARKER
                                                               Attorneys for Plaintiff
                                                               PEO Experts CA, Inc., dba
                                                               Bixby Zane Insurance Services

STIPULATION RE; PROTECTIVE ORDER REGARDING MIRROR-IMAGING OF DEFENDANTS' ELECTRONICALLY STORED INFORMATION ON THEIR PERSONAL COMPUTER DEVICES; [PROPOSED] ORDER THEREON

1   Date:  March 3, 2017                                  STONE & GRAVES, LLP

2

3                                                              _____/s/ Jeff Stone_____
                                                           JEFF STONE
4                                                          Attorneys for Defendants
                                                           MICHAEL CRAIG ENGSTROM,
5                                                          CHRISTOPHER IGNAZIO LONGO, JENNIFER
                                                           ENGSTROM, MICHAEL ENGSTROM, INC., a
6                                                          California corporation; B&C LOC, INC., a
                                                           California corporation; PEO ADVISORS OF CA,
7                                                          INC., a California corporation

8

9   Date:  March 3, 2017                                  SMITH, MCDOWELL & POWELL

10

11                                                             _____/s/ C. Jason Smith_____
                                                           C. JASON SMITH
12                                                         Attorneys for Defendants
                                                           Ryan Wakefield and Freedom Risk
13                                                         Insurance Services

14

15  Date:  March 3, 2017

16

17                                                         _____

18                                                         Consultant

19

20

21

22

23

24

25

26

27

28

STIPULATION RE; PROTECTIVE ORDER REGARDING MIRROR-IMAGING OF DEFENDANTS' ELECTRONICALLY STORED
INFORMATION ON THEIR PERSONAL COMPUTER DEVICES; [PROPOSED] ORDER THEREON

1    BASED ON THE STIPULATION OF THE PARTIES AND FOR GOOD CAUSE, IT IS

2  HEREBY ORDERED:

3    The parties to this action have agreed to allow the mirror-imaging of the defendants'

4  electronically stored information on their personal computer devices, which excludes cellular

5  telephones, under certain and limited conditions, as set forth herein.  It is undisputed that this

6  mirror-imaging will consist of considerable personal information of defendants that is not

7  relevant to the litigation and that is protected by the federal and state constitutionally protected

8  rights of privacy, in addition to any other privileges, protections and objections. The mirror

9  imaged data is for preservation of potential evidence purposes only and shall be subject at all

10  times to this Court's order hereon, and any further orders in this regard.

11    This stipulation and order, and conduct in conformance therewith, is not and shall not be

12  construed as a waiver of any rights, privileges, protections or objections in relation thereto.

13  Additionally, discovery and disclosure activity in this action is expected to involve production of

14  confidential, proprietary, or private information for which special protection from disclosure,

15  including both public and private disclosure, is warranted.  Therefore, such discovery or

16  disclosure activity, if ordered by this Court, shall be subject to a further stipulation and protective

17  order, as further addressed below.

18    <u>CONDUCTING THE MIRROR IMAGING AND OBLIGATIONS OF CONSULTANT</u>

19    The parties hereby agree that Plaintiff's will propose a consultant, and, if agreeable to

20  defendants and confirmed in writing, that consultant shall serve as the neutral third party

21  consultant for purposes of the mirror imaging of defendants' personal computer devices that

22  contain any business related information in regard to plaintiff and/or its alleged clients.  Prior to

23  any such activity, the agreed upon consultant must execute this stipulation.  Any and all costs or

24  fees of the consultant shall be borne by plaintiff.  Personal computer devices as referred to in this

25  matter do not include personal cellular telephones.

26    On or about March 6, 2017, each defendant shall make their personal computer devices

27  available to the consultant for mirror imaging at the place such personal computer devices are

28  usually kept by each defendant.  The mirror imaging shall be completed within approximately 12

1    hours of such personal computer device being made available by a defendant to consultant; a

2    defendant shall not be unable to access and use a personal computer device for a period longer

3    than 12 hours in this regard.

4         The consultant agrees, represents and warrants that he or she shall conduct the mirror

5    imaging without any review, evaluation, analysis or disclosure of any and all data contained on

6    the personal computer devices by her or himself and/or any other person or entity.  The consultant

7    agrees, represents and warrants that he or she shall securely keep and maintain the mirror imaged

8    data without review, analysis, disclosure or dissemination by or to any person or entity unless and

9    until an order is issued from this Court in that regard.  All mirror imaged data shall be strictly and

10   confidentially maintained.

11        At the termination of this case as to any or all defendants (by settlement, dismissal,

12   judgment, or otherwise), consultant shall provide to each defendant, his/her/its mirror imaged

13   data within 24 hours of written notice of such termination.  Consultant shall not keep, copy,

14   transfer or disseminate any mirror imaged data otherwise.

15   ### MOTION REQUIREMENTS FOR ANY PRODUCTION OR DISCLOSURE OF MIRROR IMAGED DATA

16        If plaintiff seeks production of any mirror imaged data, plaintiff shall file with this Court

17   and serve on defendants a regularly noticed motion pursuant to the Federal Rules of Civil

18   Procedure, the Local Rules, and the Standing Orders of this Court.  Prior to any motion related to

19   the mirror imaged data, the parties shall meet and confer in order to either attempt to agree to any

20   production, or otherwise to particularly identify and/or narrow the scope of information sought.

21        Additionally, if a motion by plaintiff in this regard is granted, in whole or in part, any

22   production of mirror imaged information shall by subject to a separate stipulation and protective

23   order in relation to that production.  Therefore, if a motion by plaintiff in this regard is filed and

24   served, the parties shall at that time meet and confer as to such separate stipulation and protective

25   order and submit the same to the Court prior to the hearing on such motion.

26   DATED:  March 9, 2017

27

    _____
28                              UNITED STATES DISTRICT JUDGE

STIPULATION RE; PROTECTIVE ORDER REGARDING MIRROR-IMAGING OF DEFENDANTS' ELECTRONICALLY STORED
INFORMATION ON THEIR PERSONAL COMPUTER DEVICES; [PROPOSED] ORDER THEREON