IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEO EXPERTS CA, INC., dba BIXBY ZANE INSURANCE SERVICES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL CRAIG ENGSTROM, an individual; CHRISTOPHER IGNAZIO LONGO, an individual; RYAN WAKEFIELD, an individual; JENNIFER ENGSTROM, an individual; MICHAEL ENGSTROM, INC., a California corporation; B&C LOC, INC., a California corporation; PEO ADVISORS OF CA, INC., a California corporation; and FREEDOM RISK INSURANCE SERVICES, a business entity form unknown,<br><br>Defendants. | Case No. 2:17-CV-00318-KJM-CKD<br><br>**ORDER GRANTING PLAINTIFF PEO EXPERTS CA, INC., DBA BIXBY ZANE INSURANCE SERVICES' MOTION FOR PRELIMINARY INJUNCTION AGAINST RYAN WAKEFIELD AND FREEDOM RISK INSURANCE SERVICES** |

Plaintiff PEO Experts CA, Inc., dba Bixby Zane Insurance Services' Motion for Preliminary Injunction came on for hearing on April 27, 2017 at 2:30 p.m., in Courtroom 3 of the above-captioned court located at 501 I Street, 15th

Floor, Sacramento, CA 95814. Upon review of Plaintiff's Complaint, Plaintiff's moving and reply papers and evidence submitted in support thereof, Defendants' opposition papers and evidence submitted in support thereof, and the arguments of counsel, the Court is satisfied that Plaintiff has satisfied all requirements and criteria for the issuance of a preliminary injunction against Defendants Ryan Wakefield and Freedom Risk Insurance Services. The Court finds that Plaintiff has demonstrated a reasonable prospect of success on its trade secret and unfair competition claims, that it is likely to suffer irreparable harm in the absence of preliminary relief, and that the balance of harms tips in Plaintiff's favor. The Court further finds that unless the preliminary injunction as ordered herein is granted, irreparable injury will likely result to Plaintiff during the pendency of this case.

Good cause appearing therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction is hereby **GRANTED**, unless or until otherwise ordered by the Court, to the extent clarified below as to Defendants Ryan Wakefield and his affiliated entity, currently known as Freedom Risk Insurance Services.

**IT IS HEREBY FUTHER ORDERED** that, during the pendency of this action or unless otherwise ordered by the Court, Defendants Ryan Wakefield and Freedom Risk Insurance Services shall be enjoined and restrained from engaging in, committing, or performing directly or indirectly any of the following acts:

1. Using, disclosing, disseminating, distributing, leaking, publishing, selling or transferring to or sharing with any person whatsoever, directly or indirectly, any of Plaintiff's Trade Secret Information, defined as Plaintiff's proprietary pricing information, proprietary commission agreements, proprietary customer and broker contact information, proprietary Salesforce reports, proprietary customer submission information, and proprietary information about the relationship between Plaintiff and the PEOs it does business with, and particularly

a. From directly or indirectly, on his own or his company's behalf, or on behalf of any other person, entity or firm, using Plaintiff's Trade Secret Information in undertaking or assisting in the solicitation of any of Plaintiff's clients or brokers;

b. From directly or indirectly, on his own or his company's behalf, or on behalf of any other person, entity or firm, undertaking or assisting in the solicitation or contact of the PEO known as Workforce Business Services, Inc. ("WBS") for a period of three (3) years from the filed date of this order;

2. Accessing, viewing, opening, or reviewing in any way any and all of Plaintiff's electronically stored information in Defendant Wakefield's possession, custody, or control, pending the Defendants' complete verified destruction of all such information, including accessing, viewing, opening or reviewing the emails, attachments, and documents in any of the Defendants' business and/or personal email accounts or personal computers and other electronic devices identified in the Motion and declarations in support thereof.

**IT IS HEREBY FURTHER ORDERED:**

In order to maintain this Order for Preliminary Injunction in effect, Plaintiff shall post a corporate security bond or cashier's check in the amount of $5,000.00 as security, which amount the court deems proper for the payment of such cost and damages as may be suffered by any party which is found to be wrongfully restrained. Such bond shall be posted by 12 noon on May 26, 2017.

An Order will follow explaining in full the reasons supporting the issuance of this Order.

**IT IS SO ORDERED.**

Dated: May 19, 2017.

_____
UNITED STATES DISTRICT JUDGE