| | |
|---|---|
| PEO EXPERTS CA, INC., dba BIXBY ZANE INSURANCE SERVICES, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CRAIG ENGSTROM, an individual; CHRISTOPHER IGNAZIO LONGO, an individual; RYAN WAKEFIELD, an individual; JENNIFER ENGSTROM, an individual; MICHAEL ENGSTROM, INC., a California corporation; B&C LOC, INC., a California corporation; PEO ADVISORS OF CA, INC., a California corporation; and FREEDOM RISK INSURANCE SERVICES, a business entity form unknown,<br><br>Defendants. | No. 2:17-cv-00318-KJM-CKD<br><br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Bixby Zane Insurance Services ("BZ") accuses defendants of misappropriating trade secrets. Defendants have filed cross-claims against BZ for fraud, misrepresentation, interfering with economic relations, conversion, civil conspiracy, and unfair competition. BZ has moved to dismiss four of Ryan Wakefield's cross-claims, arguing these claims sound in fraud but cannot satisfy Rule 9(b)'s heightened pleading standard. Mot., ECF

1

No. 62. At the November 17, 2017 motion hearing, the court dismissed Wakefield's first claim under Rule 9(b) from the bench, but submitted the motion as to Wakefield's related fifth, six and seventh claims. H'rg Mins., ECF No. 78. As explained below, the court now DISMISSES Wakefield's fifth, sixth and seventh claims, with leave to amend.

I. BACKGROUND

BZ is a wholesaler of Professional Employer Organization services. Cross-Compl., ECF No. 61, ¶ 9. BZ derives much of its profit from outside commissions. *Id.* In late 2009, BZ asked Wakefield to take over as sales manager in exchange for salary, commission, and subsequent rights to BZ's net profits. *Id*. ¶11. Wakefield accepted. *Id.* Once BZ hit certain sales goals, Wakefield was to receive certain commissions plus a percentage of BZ's net profits. *Id.* Wakefield contends he did not receive the promised commissions and profit shares. He brings the following eight cross-claims, contending BZ underpaid and mistreated him throughout the contractual relationship: (1) Fraud; (2) accounting; (3) breach of oral contract; (4) unjust enrichment; (5) conversion; (6) unfair business practices; (7) constructive trust; and (8) failure to pay wages and commission. *Id*. ¶¶ 21-59. BZ has moved to dismiss four of Wakefield's claims under Rule 9(b). Mot. at 6-9. The court dismissed Wakefield's first claim from the bench, and now addresses BZ's motion to dismiss his fifth, sixth and seventh claims.

II. LEGAL STANDARD

Pleading standards are heightened when a claimant alleges fraud. For non-fraud claims, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." For fraud claims, Federal Rule of Civil Procedure 9(b) requires the claimant to "state with particularity the circumstances constituting fraud or mistake." To meet Rule 9(b)'s requirements, a claimant must allege "the who, what, when, where, and how" of the alleged fraudulent misconduct, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and quotation marks omitted), not just the "neutral facts necessary to identify the transaction," *In re GlenFed, Inc. Sec. Litig*., 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other grounds as recognized in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011). The allegations must be "specific enough to give defendants notice of the

particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotation marks omitted). This heightened standard applies not only to allegations sounding in fraud, but also to facts alleged to constitute fraud, "even if the word fraud is not used." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation and quotation marks omitted). Where fraud allegations lack particularity, the court should disregard them entirely or strip them from the complaint. *Id.* (citation omitted).

III. ANALYSIS

BZ argues the fraud allegations in Wakefield's conversion, unfair business practices and constructive trust claims do not meet Rule 9(b)'s particularity standard. These three claims depend on the same allegations as Wakefield's fraud claim: That BZ intentionally and fraudulently misrepresented what commissions it received, thereby wrongfully depriving Wakefield of payments owed to him. *See* Cross-Compl. ¶¶ 17, 19-20, 25, 40-41, 45-46, 55. At hearing, in granting BZ's motion in part, the court explained why these allegations lack particularity as to Wakefield's fraud claim. Specifically, Wakefield's cross-complaint inadequately details the basis for believing BZ's representations about what commissions it received were false, and the allegations inadequately define when and how often the allegedly fraudulent conduct occurred. *See id.* ¶¶ 21-28. The court rejected Wakefield's argument that it is sufficient to allege the fraudulent misrepresentations were made "routinely and continuously beginning from the time of Wakefield's employment[,]" that these misrepresentations were "fraudulent because BZ was actually receiving commissions at a higher rate than that reported to Wakefield by BZ, and Wakefield was receiving commissions based on a number less than the commissions received by BZ." Opp'n, ECF No. 64, at 6 (citing Cross-Compl. ¶¶ 22, 24). Wakefield agreed at hearing he could amend these allegations to add the requisite particularity.

Wakefield's conversion, unfair business practices and constructive trust claims incorporate the fraud allegations. *See* Cross-Compl. ¶¶ 44, 49, 52 ("Cross-Complainant refers to and incorporates, as though fully set forth herein [all preceding paragraphs]"). Although

Wakefield's fifth, six and seventh claims do not exclusively depend on his fraud allegations and so could potentially survive dismissal even if the court disregarded the fraud allegations, at hearing Wakefield requested an opportunity to augment the fraud allegations.  The court is persuaded he should be allowed to do so.

Accordingly, the court DISMISSES Wakefield's fifth, six and seventh cross-claims for conversion, unfair business practices and constructive trust and GRANTS Wakefield **fourteen days** to amend his complaint so that he may particularize his fraud allegations as to these three claims and as to his previously dismissed fraud claim (claim 1).

IT IS SO ORDERED.

This resolves ECF No. 62.

DATED:  January 18, 2018.

_____
UNITED STATES DISTRICT JUDGE