UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEO EXPERTS CA, INC., dba BIXBY ZANE INSURANCE SERVICES, a California corporation,

Plaintiffs,

v.

MICHAEL CRAIG ENGSTROM, et. al,

Defendants.

No. 2:17-cv-00318-KJM-CKD

ORDER

This case began as a trade secrets misappropriation action, and has since morphed into a multi-party, multi-claim contract dispute. Before the court are the motion to dismiss and motion to strike portions of the second amended cross-complaint brought by three cross-defendants. Both motions are opposed. The court submitted the motions on March 16, 2018, without a hearing. ECF No. 101. As explained below, the court DENIES both motions.

I. BACKGROUND

The three cross-defendants are Bixby Zane Insurance Services ("BZ"), a wholesaler of Professional Employer Organization ("PEO") services, and its co-owners Jason Crawford and Brad Worley. Second Am. Cross-Compl. ("SACC"), ECF No. 84, ¶¶ 6-8, 18. BZ offers bundled services to meet workers' compensation, safety and payroll obligations within the

1

heavy construction industry, and derives its profits from outside commissions, particularly as paid by Workforce Business Services, Inc. ("WBS"). *Id.* ¶ 17.

Cross-claimants are independent contractors that helped BZ acquire customers. *Id.* Cross-claimants include two individuals, Michael Engstrom and Christopher Longo, and two corporations, Michael Engstrom, Inc. ("MEI") and B&C LOC, Inc. *Id.* As relevant here, in exchange for cross-claimants' continued help in acquiring customers, BZ orally agreed to pay cross-claimants fixed percentages of all WBS commissions. *Id.* ¶ 19 (65 percent to Engstrom and EIC; 60 percent to Longo and B&C).

Cross-claimants allege that although the parties' "oral agreement . . . has been in place for years," in or about July 2016 they discovered BZ was paying them less than the promised percentages. *Id.* ¶¶ 19, 22. This realization led to a dispute, which the parties resolved and then kept working together. *Id.* ¶ 22. Crawford and Worley told cross-claimants in or about December 2016 that cross-claimants were "now being paid their full and fair share of the commissions." *Id*. ¶ 23. On "information and belief," cross-claimants allege this assurance was false, and that Crawford and Worley actually intended to pay them less. *Id.* In "reliance on these statements," cross-claimants continued to perform their side of the agreement by acquiring new clients for BZ. *Id.*

Cross-claimants assert ten claims: Breach of contract (Claim 1); intentional misrepresentation/fraud (Claim 2); constructive fraud (Claim 3); unjust enrichment (Claim 4); conversion (Claim 5); interference with prospective economic advantage (Claim 6); intentional interference with contractual relations (Claim 7); unfair business practices (Claim 8), civil conspiracy (Claim 9); and constructive trust (Claim 10). *Id.* ¶¶ 30-91.

Cross-defendants previously moved to dismiss all fraud-based claims and moved to strike certain paragraphs from the First Amended Cross-Complaint. The court granted both motions, with leave to amend. *See* H'rg Mins., ECF No. 78; Order, ECF No. 82. Cross-defendants move again to dismiss the two fraud-based claims (Claims 2 and 3). *See* Dismissal Mot., ECF No. 89. They also move to strike two paragraphs as explained below. Strike Mot.,
////

ECF No. 92. Both motions are opposed. Dismissal Opp'n, ECF No. 98; Strike Opp'n, ECF No. 97.

II. <u>MOTION TO STRIKE</u>

Cross-defendants move to strike two paragraphs from the operative Cross-Complaint under Federal Rule of Civil Procedure 12(f). Rule 12(f) provides that a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The rule aims to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (citation omitted).

Given the manner in which pleadings are treated under the Federal Rules, "[m]otions to strike are generally disfavored and should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Frausto v. Bank of Am.*, No. 18-CV-01983-MEJ, 2018 WL 3659251, at *3 (N.D. Cal. Aug. 2, 2018) (citations and quotations omitted); *see also Bates v. Or.-Am. Lumber Co.*, 295 F. 1, 5 (9th Cir. 1924) ("At any stage of a trial, to strike evidence . . . before the party aggrieved has concluded his case, before it is obvious that he cannot supply any deficiency, is premature."); *see also Bates v. Or.-Am. Lumber Co.*, 295 F. 1, 5 (9th Cir. 1924) ("At any stage of a trial, to strike evidence . . . before the party aggrieved has concluded his case, before it is obvious that he cannot supply any deficiency, is premature.") (citation omitted). As explained below, neither of the two identified paragraphs are subject to strike.

A. <u>Paragraph 22</u>

Cross-defendants move to strike paragraph 22 as describing evidence that would be inadmissible under Federal Rule of Evidence 408(a) because it implicitly references a prior compromise. Strike Mot. at 7-9. Rule 408(a) prohibits parties from offering evidence pertaining to "(1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim . . ." Fed. R. Evid. 408(a).

Here, paragraph 22 references a prior dispute between the parties, but it does not reference the resulting compromise. Specifically, paragraph 22 states,

> In or around July of 2016, Cross-Complainants discovered that BZ had not been paying commissions to them at the correct percentages in 2015 and 2016. This led to a dispute between the parties, which was resolved in December of 2016. At the time of the resolution and continuing into January of 2017, BZ represented to Cross-Complainants, both orally and in writing, that they were grateful for the business they had built together and that Cross-Defendants looked forward to a continued positive working relationship with Cross-Complainants.

SACC ¶ 22. Cross-claimants have not included in this paragraph any discussion of how the dispute was resolved. Rule 408(a) does not prohibit parties from referencing prior disputes or statements made around those disputes just because the parties ultimately settled. *See Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 584 (N.D. Cal. 2008) (emphasizing Rule's limitations). Rather, it prohibits offering statements made in a settlement or compromise negotiations only when used "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." *See* Fed. R. Evid. 408(a).

Paragraph 22 does not run afoul of the rule: First, it references no statement made in compromise negotiations; rather, it references a statement made afterwards. Second, even if the statement were made during negotiations, cross-claimants have plausibly shown it could come in under Rule 408(b), which permits referencing prior offers to compromise for other purposes. *See* Fed. R. Evid. 408(b); *see also Am. Gen. Life Ins. Co. v. James*, No. C-14-04242 DMR, 2015 WL 730010, at *5 (N.D. Cal. Feb. 19, 2015); *accord Hernandez v. Specialized Loan Serv. LLC*, No. 15-cv-6418-GW(JEMx), 2015 U.S. Dist. Lexis 188376 *10 (C.D. Cal., Dec. 3, 2015) (same). Specifically, cross-claimants argue that referencing the prior dispute and defendants' post-resolution statement is relevant to provide necessary context to the parties' "course of conduct." Strike Opp'n at 8. It would therefore be premature to strike this paragraph under Rule 408(a). *Cf. Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (courts may only strike as "impertinent" allegations that could not be admitted as evidence) (citation omitted), *rev'd on other grounds by* 510 U.S. 517, (1994).

Cross-claimants withstand a motion to strike. The motion to strike paragraph 22 is DENIED, without prejudice to cross-defendants' renewing the argument in a proper motion *in limine*.

B. Paragraph 28

Cross-defendants also move to strike paragraph 28 as irrelevant. Strike Mot. at 9. This paragraph mentions cross-defendants' prior failed attempt to obtain injunctive relief against cross-claimants. The paragraph states in full:

> BZ's motions for a temporary restraining order and preliminary injunction as to Cross-Complainants have been denied by this Court with the Court expressly finding that BZ had no probability of prevailing against Cross-Complainants with respect to the causes of action contained in BZ's complaint.

SACC ¶ 28. Cross-defendants argue this paragraph misconstrues the court's language, and that the reference is wholly irrelevant to any cross-claim. Mot. at 9.

Even if they are right, cross-defendants have not shown this paragraph is so irrelevant or impertinent as to warrant being stricken from the pleadings. Striking an allegation is proper only where it is clear the allegation could have "no possible bearing" on the litigation. *Frausto*, 2018 WL 3659251, at *3 (citation omitted); *see also Bates*, 295 F. at 5 (emphasizing it is generally premature to strike evidence "before the party aggrieved has concluded his case").

The allegation here, as cross-claimants explain, may be relevant to show cross-defendants' course of wrongful conduct. Strike Opp'n at 4-5. Specifically, because the court found cross-defendants' request for injunctive relief request raised no "serious questions" as to the merits of their lawsuit, cross-complainants might be able to show cross-defendants filed the injunctive relief request to threaten or burden cross-claimants. This information in turn may be relevant to showing cross-defendants' intent to harm, which is an element of the fraud claims. Defendants have cited no authority to persuade the court otherwise. Striking the paragraph at this stage would be at best premature. *Cf. Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, No. 1:08-CV-1924-AWI-SMS, 2009 WL 2982900, at *24 (E.D. Cal. Sept. 14, 2009) (striking allegations of past misconduct as "immaterial and impertinent," where event occurred 15 to 20 years earlier

and involved different personnel and actors and was thus "too stale" to show a pattern of misconduct). The motion to strike paragraph 28 is DENIED.

III. MOTION TO DISMISS

Cross-defendants move to dismiss the actual and constructive fraud cross-claims (Claims 2 and 3), arguing neither claim meets Rule 9(b)'s particularity requirement. Dismissal Mot. at 8-12.

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, the court accepts well-pled factual allegations as true and construes the complaint in plaintiff's favor to assess if he is entitled to relief. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss, generally the claimant need only state "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule 8(a) standard does not require detailed factual allegations; it merely requires enough factual matter to make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

For allegations sounding in fraud, however, Rule 9(b) imposes a heightened pleading standard that requires a party to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). A party alleging fraud must "set forth more than the neutral facts necessary to identify the transaction." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other grounds as recognized in Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001). The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotations omitted). Stated differently, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

A. <u>Intentional Misrepresentation (Claim 2)</u>

The parties agree cross-claimant's intentional misrepresentation claim is rooted in fraud and subject to Rule 9(b)'s particularity requirement. Intentional misrepresentation includes five elements: (1) misrepresentation; (2) knowledge that the representation is false; (3) intent to defraud; (4) justifiable reliance on the misstatement; and (5) resulting damage. *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974-75 (1977) (citation and quotations omitted). Cross-defendants argue plaintiffs have not alleged with particularity the circumstances of the fraudulent conduct, justifiable reliance or any resulting harm.

The court disagrees. Cross-claimants have pled the "who, what, when, where and how" of the allegedly fraudulent conduct required to survive dismissal. Specifically, cross-complaints allege that Worley and Crawford promised cross-claimants (who) in December 2016 and continuously thereafter (when) that cross-claimants would be paid a certain percentage of commissions from all business done with WBS (what), but that Worley and Crawford actually paid, and intended to pay, less than the promised percentage (how). SACC ¶¶ 23, 37-38; *cf. Vess*, 317 F.3d at 1106. This satisfies Rule 9(b)'s particularity requirement.

Cross-defendants argue there is insufficient detail to clarify the allegation that their representation was false or that they knew it was false. Dismissal Mot. at 8-9. Specifically, they take issue with cross-claimants' allegations based merely "on information and belief." *Id.*; *see* SACC ¶¶ 38, 47 (alleging on information and belief that "the actual commission splits BZ received from WBS were higher than what [Crawford and Worley] represented").

But pleading intent and knowledge "on information and belief" is permissible if supported by sufficient factual allegations showing why that belief is reasonable. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally"); *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) (explaining particularity "may be relaxed as to matters peculiarly within the opposing party's knowledge.") (citation omitted), *overruled on other grounds as recognized in Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000).

7

Cross-claimants, as noted above, have sufficiently included the details of the underlying fraudulent conduct to support this allegation on "information and belief." Cross-defendants have enough information to prepare an adequate answer. *See Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) (explaining Rule 9(b)'s purpose).

Cross-defendants next argue that the "justifiable reliance" element as pled lacks detail. Dismissal Mot. at 9-10. To sufficiently allege justifiable reliance, cross-claimants must plead (1) the statement was material in that a reasonable person would consider it important in deciding how to act; and (2) it was reasonable for the claimant to rely on that misrepresentation. *Hoffman v. 162 N. Wolfe LLC*, 228 Cal. App. 4th 1178, 1194 (2014) (citations omitted), *as modified on denial of reh'g* (Aug. 13, 2014).

Cross-claimants have pled materiality. The alleged misrepresentation pertains to the percentage of commissions cross-claimants would get in exchange for their business, which was a key term of their oral business contract. SACC ¶¶ 19-20, 23. This is enough for materiality: Any reasonable person entering into a business arrangement would consider it important to know how much money the joint venture would produce. But cross-claimants go further, alleging this representation was made specifically to induce cross-claimants' business, and that cross-claimants would have acted differently had they known the truth. *Id.* ¶ 42 (alleging the representations were made "in an effort to induce" cross-claimants; explaining, "had cross-complainants been made aware of the true facts they would have taken steps sooner to protect their book of business, and ensure the correct amount of commissions were paid."). These allegations are sufficiently detailed to satisfy Rule 9(b).

Cross-claimants have also pled reasonable reliance with enough detail. It is plausible to conclude cross-claimants reasonably relied on the representations of their long-time business partner. Specifically, cross-claimants allege "a long-standing business relationship with cross-defendants which had been profitable for both sides"; they also allege cross-defendants confirmed both orally and in writing that they hoped to continue their positive business relationship "going forward." *Id.* ¶ 39. The parties' business history paired with cross-defendants' alleged affirmations that they wanted the relationship to continue positively, is

8

enough to state at this early stage that cross-claimants reasonably relied on the promise of "full and fair" future commissions. Whether this reliance ultimately was reasonable is a question reserved to a finder of fact. *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1067 (2012).

Finally, cross-defendants argue damages are insufficiently pled. Dismissal Mot. at 10. Consequential damages are "essential" to maintaining a fraud claim. *Beckwith*, 205 Cal. App. 4th at 1064 (citation omitted). While the nexus between the fraud and damages must be pled with particularity, the sum of damages itself need not be. *Id.* Here, cross-claimants have alleged the misrepresentation at issue harmed them by inducing them to continue working for BZ despite receiving an unfair commission split. SACC ¶¶ 20, 23. Had cross-defendants either paid the promised commissions, or truthfully represented the lesser commissions cross-claimants would receive, damages could have been avoided and cross-claimants could have taken their business elsewhere. *Id.* ¶¶ 33, 40; *Beckwith*, 205 Cal. App. 4th at 1065; *cf. Bldg. Permit Consultants, Inc. v. Mazur*, 122 Cal. App. 4th 1400, 1405 (2004) (finding plaintiff incapable of alleging damages based on fraudulently-induced contract for a certain fee split, but only because the contract was ultimately void; even without the alleged fraud, plaintiff would still have been damaged).

Cross-claimants have identified the circumstances constituting fraud with enough detail that cross-defendants can prepare an adequate answer. The motion to dismiss this claim is DENIED.

B. <u>Constructive Fraud (Claim 3)</u>

Cross-defendants move to dismiss the third claim for constructive fraud, arguing cross-claimants have also pled this claim with insufficient detail under Rule 9(b), for the same reasons. The court disagrees here as well.

Constructive fraud ensnares those who breach a duty "without an actually fraudulent intent" such that they "gain[] an advantage . . . by misleading another to his prejudice" or by committing "any such act or omission as the law specially declares to be fraudulent." Cal. Civ. Code § 1573; *see also Gen. Am. Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1127 (N.D. Cal. 1991). The elements of constructive fraud are (1) a fiduciary relationship; (2) nondisclosure;

(3) intent to deceive; and (4) reliance and resulting injury. *Rana*, 769 F. Supp. at 1126. "In its generic sense, constructive fraud comprises all acts, omissions and concealments involving a breach of legal or equitable duty, trust, or confidence, and resulting in damages to another." *Estate of Gump*, 1 Cal. App. 4th 582, 601 (1991) (citations and quotations omitted). Constructive fraud is very similar to actual fraud, albeit with a lesser intent requirement. *Id.* ("Constructive fraud exists in cases in which conduct, although not actually fraudulent, ought to be so treated—that is, in which such conduct is a constructive or quasi fraud, having all the actual consequences and all the legal effects of actual fraud.") (citation omitted).

To support this claim, cross-claimants reference the same allegations that support the fraud claim analyzed above, and cross-defendants make the same arguments for dismissal. The only different element here is the "fiduciary relationship" requirement. Cal. Civ. Code § 1573. Although the parties have no traditional fiduciary relationship, in constructive fraud cases a "fiduciary relationship" is synonymous with a "confidential relationship." *Rana*, 769 F. Supp. at 1127; *accord Mary Pickford Co. v. Bayly Bros., Inc.*, 12 Cal. 2d 501, 525 (1939) (The California Supreme Court has stated, "Constructive fraud often exists where the parties to a contract have a special confidential or fiduciary relation"). Claimants therefore need not technically plead a fiduciary duty. *Rana*, 769 F. Supp. at 1126. As business partners in a long-term contractual relationship, there is sufficient basis to plead a "confidential relationship" here, and cross-defendants offer no persuasive argument to the contrary.

The conclusion as to the remaining elements mirrors the conclusion reached above on the actual fraud claim. Ultimately, "whether [conduct] constitutes constructive . . . fraud, depends on the facts and circumstances of each case." *Assilzadeh v. Cal. Fed. Bank*, 82 Cal. App. 4th 399, 415 (2000). But for now, cross-claimants have pled with sufficient particularity to withstand dismissal. The motion to dismiss this claim is DENIED.

IV. CONCLUSION

Cross-defendants' motion to dismiss and motion to strike both are DENIED. Cross-defendants shall file an answer to the Second Amended Cross-Complaint within twenty-one days.

IT IS SO ORDERED.

This order resolves ECF Nos. 89, 92.

DATED: August 9, 2018.

_____
UNITED STATES DISTRICT JUDGE