Alden J. Parker, State Bar No. 196808
Email: aparker@fisherphillips.com
William R.H. Mosher, State Bar No. 228253
Email: wmosher@fisherphillips.com
Natalie B. Fujikawa, State Bar No. 28412
Email: nfujikawa@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Attorneys for Plaintiff and Cross-Defendants
PEO Experts CA, Inc., dba Bixby Zane Insurance
Services; Bixby Zane, Inc.; Jason Crawford; Brad
Worley; Workforce Business Services, Inc., Workforce
Business Services CA, LLC; and Robert Kelly

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEO EXPERTS CA, INC., dba BIXBY ZANE INSURANCE SERVICES, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL CRAIG ENGSTROM, an individual; CHRISTOPHER IGNAZIO LONGO, an individual; RYAN WAKEFIELD, an individual; JENNIFER ENGSTROM, an individual; MICHAEL ENGSTROM, INC., a California corporation; B&C LOC, INC., a California corporation; PEO ADVISORS OF CA, INC., a California corporation; and FREEDOM RISK INSURANCE SERVICES, a business entity form unknown,<br><br>　　　　　Defendants.<br><br>AND ALL CROSS-RELATED ACTIONS. | Case No. 2:17-CV-00318-KJM-CKD<br><br>**STIPULATION FOR PERMANENT INJUNCTIVE RELIEF; ORDER** |

Plaintiff/Cross-Defendants PEO EXPERTS CA, INC., dba BIXBY ZANE INSURANCE SERVICES ("Bixby Zane" or "Plaintiff"), BIXBY ZANE, INC. ("BZ Inc."), JASON CRAWFORD ("Crawford"), BRAD WORLEY, WORKFORCE BUSINESS SERVICES, INC. ("WBS"), WORKFORCE BUSINESS SERVICES CA, LLC ("WBS CA"), and ROBERT KELLY ("Kelly") (collectively "Plaintiff/Cross-Defendants") on the one hand; and Defendants/Cross-Complainant RYAN WAKEFIELD ("Wakefield") and WAKEFIELD TWELVE, INC. dba FREEDOM RISK INSURANCE SERVICES ("Freedom Risk") (collectively "Defendants/Cross-Complainants") on the other hand, stipulate and agree as follows:

1. Plaintiff/Cross-Defendants and Defendants/Cross-Complainants hereby consent to the exercise of jurisdiction by the United States District Court, Eastern District of California, in particular United States Magistrate Judge Carolyn Delaney, with regard to these proceedings, this Stipulation, and any orders entered pursuant to this Stipulation.

2. On February 14, 2017, Bixby Zane filed a Complaint against Wakefield, J. Freedom Risk and others in the United States District Court, Eastern District of California, Case Number 2:17-cv-00318-KJM-CKD, asserting the following causes of action: (1) misappropriation of trade secrets in violation of the Defend Trade Secrets Act (18 U.S.C. § 1836); (2) misappropriation of trade secrets in violation of the California Uniform Trade Secrets Act (Cal. Civ. Code, §§ 3426.1, *et seq.*; (3) breach of confidence; (4) breach of fiduciary duty and duty of loyalty; (5) tortious interference with economic relations; (6) conversion; (7) civil conspiracy; and (8) unfair competition in violation of Cal. Bus. & Prof. Code, §§ 17200, *et seq.* (the "Complaint").

3. On May 19, 2017, the Court issued an Order granting Plaintiff's Motion for Preliminary Injunction against Wakefield and Freedom Risk (Dkt. 50), which enjoined and restrained Wakefield and Freedom Risk from engaging in, committing, or performing directly or indirectly any of the following acts:

    a. Using, disclosing, disseminating, distributing, leaking, publishing, selling or transferring to or sharing with any person whatsoever, directly or indirectly, any of Plaintiff's

1  "Trade Secret Information," defined as Plaintiff's proprietary pricing information, proprietary commission agreements, proprietary customer and broker contact information, proprietary Salesforce reports, proprietary customer submission information, and proprietary information about the relationship between Plaintiff and the PEOs it does business with, and particularly:

      i. From directly or indirectly, on his own or his company's behalf, or on behalf of any other person, entity or firm, using Plaintiff's Trade Secret Information in undertaking or assisting in the solicitation of any of Plaintiff's clients or brokers;

      ii. From directly or indirectly, on his own or his company's behalf, or on behalf of any other person, entity or firm, undertaking or assisting in the solicitation or contact with WBS for a period of three (3) years from the filed date of this order;

    b. Accessing, viewing, opening, or reviewing in any way any and all of Plaintiff's electronically stored information in Wakefield's possession, custody, or control, pending Defendants' complete verified destruction of all such information, including accessing, viewing, opening or reviewing the emails, attachments, and documents in any of Defendants' business or personal email accounts or personal computers and other electronic devices identified in Plaintiff's Motion for Preliminary Injunction and declarations in support thereof.

4. On August 26, 2019, the Parties engaged in mediation with Mediator Mark LeHocky, where the Parties were able to resolve all claims and issues among them and have executed a Settlement Agreement and Release (the "Settlement Agreement"), in which this Stipulation is expressly referenced as Exhibit A.

5. The Parties hereby stipulate to the following: (1) that Wakefield had an agreement during his employment that prohibits the use of Plaintiff's trade secret/confidential proprietary information, (2) that Wakefield had access to Plaintiff's trade secret/confidential proprietary information while employed with Plaintiff, (3) that Wakefield had access to trade secret/confidential proprietary information of Plaintiff following his resignation from employment with Plaintiff, and (4) such information could be used to attempt to solicit a business deal with WBS and/or WBS CA or WBS and/or WBS CA's clients.

///

6. In order to remediate the above conduct and/or protect against Wakefield's use of Plaintiff's trade secret/confidential proprietary information in the future, Plaintiff/Cross Defendants and Wakefield, on behalf of himself and Freedom Risk agree to the following provisions:

    a. Wakefield and Freedom Risk, on behalf of themselves and any entities in which Wakefield has direct or indirect ownership, has returned and/or destroyed any documents or information that he acquired while employed with Plaintiff or after his employment ended to Plaintiff;

    b. Wakefield and Freedom Risk shall be permanently prohibited from using, disclosing, disseminating, distributing, leaking, publishing, selling or transferring to or sharing with any person whatsoever, directly or indirectly, any of Plaintiff's "Trade Secret Information," defined as Plaintiff's proprietary pricing information, proprietary commission agreements, proprietary customer and broker contact information, proprietary Salesforce reports, proprietary customer submission information, and proprietary information about the relationship between Plaintiff and the PEOs it does business with (notwithstanding the foregoing, however, Trade Secret Information shall not include information that: (i) is or becomes publicly available; or (ii) is independently developed by Wakefield, as can be demonstrated by written records or other reasonable evidence, without reference to or use of the Trade Secret Information), and particularly:

        i. Wakefield shall not, directly or indirectly, on his own or his company's behalf, or on behalf of any other person, entity or firm he has a direct or indirect ownership interest in, contact WBS or WBS CA LLC for a period of ten (10) years following August 26, 2019;

        ii. Wakefield shall not directly or indirectly, on his own or his company's behalf, or on behalf of any other person, entity or firm he has a direct or indirect ownership interest in, contact WBS' or WBS CA LLC's clients for a period of ten (10) years following August 26, 2019;

///

1     7. No modification or waiver of this Stipulation shall be deemed effective, unless it is in writing and signed by all Parties to this Stipulation, including Plaintiff/Cross-Defendants and Wakefield, Freedom Risk, or their respective counsel.

    8. Plaintiff/Cross-Defendants shall be entitled to recover reasonable attorneys' fees and costs incurred in enforcing this Stipulation for Permanent Injunctive Relief.

    9. The Court shall retain and reserve jurisdiction over the Parties to this Stipulation, including over Wakefield and Freedom Risk, and over the subject matter of this action, for the purposes of enforcing this Stipulation.

    10. The Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and same instrument.

IT IS SO STIPULATED.

Dated: _____, 2019      PEO EXPERTS CA, INC., dba BIXBY ZANE INSURANCE SERVICES

    By: _____

    Print Name: _____

    Title: _____

Dated: _____, 2019      BIXBY ZANE, INC.

    By: _____

    Print Name: _____

    Title: _____

Dated: _____, 2019      WORKFORCE BUSINESS SERVICES

    By: _____

    Print Name: _____

    Title: _____

///

///

STIPULATION FOR PERMANENT INJUNCTIVE RELIEF; ORDER

FP 36273261.1

| | | |
|---|---|---|
| Dated: _____, 2019 | | WORKFORCE BUSINESS SERVICES CA, LLC |

By: _____

Print Name: _____

Title: _____

Dated: _____, 2019

_____
ROBERT KELLY

Dated: _____, 2019

_____
RYAN WAKEFIELD

Dated: _____, 2019    FREEDOM RISK INSURANCE SERVICES

By: _____

Print Name: _____

Title: _____

Dated: _____, 2019    FISHER & PHILLIPS LLP

By: _____
    Alden J. Parker

Attorneys for Plaintiff/Cross-Defendants
PEO Experts CA, Inc., dba Bixby Zane Insurance
Services; Bixby Zane, Inc.; Jason Crawford; Brad
Worley; Workforce Business Services, Inc., Workforce
Business Services CA, LLC; and Robert Kelly

SMITH, McDOWELL & POWELL, ALC

Dated: _____, 2019    By: _____
    C. Jason Smith

Attorneys for Defendants/Cross-Complainant
Ryan Wakefield and Freedom Risk Insurance Services

---

STIPULATION FOR PERMANENT INJUNCTIVE RELIEF; ORDER

FP 36273261.1

1 **ORDER**

2 Pursuant to the Parties' Stipulation, IT IS HEREBY ORDERED THAT:

3 1. Defendants/Cross-Complainants WAKEFIELD ("Wakefield") and FREEDOM RISK shall destroy any and all electronic copies of any documents or information, including all information obtained during this litigation, they have regarding or relating in any way to Plaintiff and all of the Cross-Defendants within 14 days of this Order and Wakefield's counsel shall not provide Wakefield any Trade Secret Information in its possession, custody or control;

2. Defendants/Cross-Complaints WAKEFIELD and FREEDOM RISK shall be permanently prohibited from using, disclosing, disseminating, distributing, leaking, publishing, selling or transferring to or sharing with any person whatsoever, directly or indirectly, any of Plaintiff's "Trade Secret Information," defined in paragraph 6(b) above;

3. Defendants/Cross-Complaints WAKEFIELD and FREEDOM RISK shall not contact, directly or indirectly, on his own or his company's behalf, or on behalf of any other person, entity or firm he has a direct or indirect ownership interest in, WBS or WBS CA LLC for a period of ten (10) years following August 26, 2019;

4. Defendants/Cross-Complaints WAKEFIELD and FREEDOM RISK shall not contact, directly or indirectly, on his own or his company's behalf, or on behalf of any other person, entity or firm he has a direct or indirect ownership interest in, WBS' or WBS CA LLC's clients for a period of ten (10) years following August 26, 2019.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 15, 2019.

_____
UNITED STATES DISTRICT JUDGE